[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] OPINION
Defendant-appellant Pamela S. Richards appeals from a judgment of the trial court finding her guilty of running a red light. Although she was not fined, she was assessed court costs.
Richards contends that the trial court erred by finding that her light was red when she entered the intersection, because that finding is not supported by the evidence, and is against the manifest weight of the evidence. We conclude that there is evidence in the record to support the trial court's finding. Although the testimony of the witnesses for the State and for Richards were in direct conflict, we cannot say that the trial court's decision to credit the testimony of one apparently disinterested witness for the State was against the manifest weight of the evidence. Accordingly, the judgment of the trial court is Affirmed.
 I
One late afternoon in 1997, Richards was driving her car eastbound on Westbrook Road, and entered the intersection of Westbrook Road and North Main Street. Kimberly Holtevert was traveling southbound on North Main Street in a van. She entered the intersection at the same time, and the two vehicles collided.
There was conflicting testimony as to who had the green light. Holtevert testified that as she entered the intersection, her light was green. Richards testified, to the contrary, that as she entered the intersection, her light was green.
Richards called three witnesses in her defense. The first of these, Gary Everett testified that he witnessed the accident from his office, which is at the corner of Dog Leg Road and North Main Street. Dog Leg Road enters the intersection from the east, while Westbrook Road enters the intersection from the west. Everett testified that he heard Holtevert's van squeal its brakes, and he then saw Holtevert drive past the car that was stopped in the other southbound lane of North Main Street, striking the car driven by Richards. Everett acknowledged, however, that he could not tell, directly, who had the green light. Richards also called Michael W. Spencer and Bruce Robinette, two pedestrians who had crossed North Main Street, and were half-way through a parking lot, when they heard the crash. Both testified that they turned instantly, upon hearing the crash, and that the first thing they noticed was that the light for Main Street was red.
The State called Diana Horn. She was stopped at the intersection, westbound on Dog Leg Road, and saw the collision. She testified that her light was red at the time of the collision, and that she determined that it was twenty seconds after the collision before her light turned green. Although she acknowledged that she had no direct view of the light controlling the eastbound traffic entering the intersection from Westbrook Road, directly opposite her, she did testify that the light had no left turn signal, either for the westbound traffic entering the intersection from Dog Leg Road, or, on the opposite side of the intersection, for the eastbound traffic coming on Westbrook Road. Richards was cited for running a red light. Following a bench trial, she was found guilty. She was not fined, in view of her excellent driving record, but was assessed court costs. From the judgment of the trial court, Richards appeals.
 II
Richards's First Assignment of Error is as follows:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION BY OVERRULING APPELLANT'S CRIM. R. 29 MOTION TO DISMISS, AS THE STATE FAILED TO OFFER SUFFICIENT EVIDENCE TO PROVE EACH AND EVERY ELEMENT OF FAILURE TO OBEY TRAFFIC CONTROL DEVICE BEYOND A REASONABLE DOUBT.
As Richards acknowledges, the test for determining sufficiency of the evidence in connection with a motion for judgment of acquittal, pursuant to Crim.R. 29, is whether there is evidence in the record that, if believed, would persuade the average mind of the defendant's guilt beyond a reasonable doubt.State v. Jenks (1991), 61 Ohio St.3d 259.
In our view, the testimony of Holtevert and Horn, if believed, would persuade the average mind, beyond reasonable doubt, that Richards entered the intersection in disregard of a red light.
Richards's First Assignment of Error is overruled.
 III
Richards's Second Assignment of Error is as follows:
 THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND DEPRIVED APPELLANT OF DUE PROCESS OF LAW AS GUARANTEED BY THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND COMPARABLE PROVISIONS OF THE OHIO CONSTITUTION BY FINDING DEFENDANT GUILTY, AS THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
The trial court, in rendering its decision orally from the bench, commented as follows:
 The Court having heard the evidence and the, having the opportunity to weigh the credibility of the evidence finds like that in many accidents of this nature there's conflicting versions of the events, mhowever, the Court is most impressed by the testimony of Mrs. Horn who was very firm in her testimony and the only way that I could find this Defendant not guilty would be to come to the conclusion that Mrs. Horn came in to Court and absolutely committed a perjury and I can think of no reason why that would take, that would be the case. However on the other hand there's a number of discrepancies in the Defendant's version of these events, which is not unusual because people perceive things differently. However, in view mostly of the testimony of Mrs. Horn the Court feels that the State has sustained its burden of proof beyond a reasonable doubt and, accordingly, find the Defendant guilty of the events.
Although courts of appeals undoubtedly possess the power and duty to determine whether a judgment of a trial court is against the manifest weight of the evidence, courts of appeals should be especially cautious in second-guessing a finder-of-fact's determination of credibility. The finder-of-fact, who has seen and heard the witnesses, is in a better position to determine the relative credibility of the witnesses. State v. Lawson (August 22, 1997), Montgomery App. No. 16286, unreported; State v. Harris (October 10, 1997), Clark App. No. 3036, unreported.
We have reviewed the entire transcript of testimony in this case. We cannot say that the trial court's decision to find credible the testimony of Diana Horn is against the manifest weight of the evidence. Richards's Second Assignment of Error is overruled.
 IV
Both of Richards's assignments of error having been overruled, the judgment of the trial court is Affirmed.
WOLFF and GRADY, JJ., concur.
Copies mailed to:
Joe Cloud
Scott W. Earhart
Hon. Richard Bannister